**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 11, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESSE WAYNE CAUGHRON,

    Defendant - Appellant.

No. 24-5075
(D.C. No. 4:23-CR-00064-JDR-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Pursuant to a plea agreement containing an appellate waiver, Jesse Wayne

Caughron pleaded guilty to witness tampering, in violation of 18 U.S.C.

§ 1512(b)(1), and assault of an intimate/dating partner by strangling, suffocating, and

attempting to strangle and suffocate in Indian country, in violation of 18 U.S.C.

§§ 113(a)(8), 1151, and 1153.  The district court sentenced him to 144 months in

prison.  Mr. Caughron appealed, and the government now moves to enforce the

appeal waiver.  *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004)

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(en banc) (per curiam).  Exercising jurisdiction under 28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

## DISCUSSION

The government's motion to enforce the appeal waiver requires us to determine:  "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."  *Hahn*, 359 F.3d at 1325.

Mr. Caughron's argument against enforcement of his appeal waiver implicates *Hahn*'s first two elements:  he contends that his appeal waiver was not knowing and voluntary because the Federal Rule of Criminal Procedure 11 plea colloquy "created ambiguity regarding the scope of the appeal waiver."  Resp. at 3.  We do not consider the miscarriage-of-justice element because he does not challenge it.  *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (stating that the court "need not address" an uncontested *Hahn* element).

Mr. Caughron has the burden to prove that his waiver was not knowing and voluntary.  *Hahn*, 359 F.3d at 1329.  To determine whether he knowingly and voluntarily waived his appellate rights, we examine the plea agreement's language and the adequacy of the Rule 11 plea colloquy.  *Id.* at 1325.

His plea agreement indicates that he knowingly and voluntarily accepted the appeal waiver.  It provides:

[T]he defendant knowingly and voluntarily agrees to the following terms:

a.  The defendant waives rights . . . to directly appeal the conviction and sentence, . . . except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b.  The defendant expressly acknowledges and agrees that the government reserves all rights to appeal the sentence;

c.  The defendant waives the right to appeal from the district court's denial of any post-conviction motion to reduce the term of supervised release or probation . . . ; and

d.  The defendant waives the right to collaterally attack the conviction and sentence under 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except for claims of ineffective assistance of counsel.

Mot. to Enforce, Attach. 1 at 3.

And during the Rule 11 colloquy, the court had the following exchange with

Mr. Caughron regarding his appeal waiver:

THE COURT:  All right.  If you went to trial and were convicted, you would have a right to appeal your conviction.  You would have the right to have an attorney help you prepare the appeal.  If you plead guilty, you are generally giving up your rights to appeal and to file a later lawsuit challenging your conviction or sentence.  There may be only limited rights to the appeal if your plea was unlawful or involuntary or if your sentence was not authorized by law.

The plea agreement in this case contains a provision which you agree not to collaterally attack the sentence.  That means you are agreeing not to petition the court which imposed the sentence to vacate, set aside or correct the sentence.  Do you understand that you are giving up these rights?

THE DEFENDANT:  Yes.

THE COURT:  Alright.  Sir, have you had enough time to fully confer with your attorney?

THE DEFENDANT:  Yes.

*Id.*, Attach. 3 at 11–12.

Relying on *United States v. Wilken*, 498 F.3d 1160 (10th Cir. 2007), Mr. Caughron argues the plea colloquy introduced ambiguity that precludes our finding that his appeal waiver was knowing and voluntary. In *Wilken*, we concluded an appeal waiver was involuntary where the plea agreement enumerated a broad appellate waiver but "the court's statements during the plea colloquy describe[d] a much narrower waiver." *Id.* at 1168–69.

There, the plea agreement contained two exceptions to the appeal waiver: "if the sentence is imposed in violation of law or, in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable." *Id.* at 1164 (internal quotation marks omitted). During the plea colloquy, however, the district court described those exceptions as follows: "unless a sentence is imposed above the statutory maximum, . . . or if it's in violation of the factors listed in the statute, you won't have a right of appeal." *Id.* (emphasis removed) (internal quotation marks omitted). This court held that the district court's summary could be "understood . . . as broadening [the defendant's] right of appeal under the waiver," and the defendant could reasonably rely on that. *Id.* at 1168. In turn, this language created an "ambiguity," and, consequently, we could not "conclude that [the defendant's] waiver . . . was knowing and voluntary." *Id.* at 1168–69.

Mr. Caughron says his case is like *Wilken* because his plea agreement contained both a direct-appeal waiver and a collateral-attack waiver, but the plea colloquy "included collateral proceedings only." Resp. at 3. We disagree.

4

Although the district court did not use the term "direct appeal," it began by telling Mr. Caughron: "If you went to trial and were convicted, you would have a right to appeal your conviction. You would have the right to have an attorney help you prepare the appeal." Mot. to Enforce, Attach. 3 at 11–12. The court then adequately described the direct-appeal waiver by stating, "you are generally giving up your rights to appeal and to file a later lawsuit challenging your conviction or sentence. There may be only limited rights to the appeal if your plea was unlawful or involuntary or if your sentence was not authorized by law." *Id.* at 12. Moreover, unlike in *Wilken*, the court's statements during the plea colloquy here did not "describe a much narrower waiver," 498 F.3d at 1168, than the waiver set forth in Mr. Caughron's plea agreement. The Rule 11 colloquy shows that the court ensured that he knowingly and voluntarily accepted the appeal waiver. Thus, Mr. Caughron has failed to meet his burden to show that his appeal waiver was not knowing and voluntary.

Having determined Mr. Caughron has not shown that the plea colloquy created ambiguity regarding the scope of the appeal waiver, we also conclude his appeal falls within the waiver's scope. He waived the right to appeal from any sentence that did not exceed the statutory maximum, and neither of his sentences do so.

The district court sentenced Mr. Caughron to concurrent sentences totaling 144 months (twelve years) in prison. The maximum sentence for his witness tampering conviction was twenty years, *see* 18 U.S.C. § 1512(b), and he received

144 months for that offense. The assault conviction had a ten-year maximum, *see* 18 U.S.C. § 113(a)(8), and he received 120 months (ten years) for that offense.

## CONCLUSION

We grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court

Per Curiam